MONTEREY ESTATES, INC., A NEW JERSEY CORPORATION, PLAINTIFF-RESPONDENT, v. PLANNING BOARD OF THE TOWNSHIP OF MANALAPAN AND THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MANALAPAN, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 8, 1989—Decided February 24, 1989.

Before Judges BILDER and A.M. STEIN.

*Robert F. Munoz* argued the cause for appellant Planning Board of the Township of Manalapan (*Lomurro, Davison, Eastman & Munoz,* attorneys; *Robert F. Munoz,* of counsel and on the letter brief).

*Michael F. Chiarella* argued the cause for appellant The Township Committee of the Township of Manalapan (*Gagliano, Tucci, Iadanza and Reisner,* attorneys; *Michael F. Chiarella,* on the brief).

*Leonard R. Fellen* argued the cause for respondent.

The opinion of the court was delivered by

BILDER, J.A.D.

*N.J.S.A.* 40:49–2(d) requires that the adoption of municipal ordinances be publicly noticed in an appropriate local newspaper.

Upon passage, every ordinance, or the title, together with a notice of the date of passage or approval, or both, shall be published at least once in a newspaper circulating in the municipality, if there be one, and if not, in a newspaper printed in the county and circulating in the municipality. No other notice or procedure with respect to the introduction or passage of any ordinance shall be required.

On this appeal we are required to consider whether such a post-adoption publication is nullified by the fact that arrangements for the printing were made before the passage of the ordinance. The trial judge in considering a prerogative writ attack on an amendment to a zoning ordinance held such anticipatory arrangements taken by the Township Clerk, even though innocently done, vitiated the act of the municipal body and rendered the ordinance null and void. We disagree and reverse.

On the evening of September 24, 1986 defendant Manalapan Township Committee adopted an ordinance amending the zon-

ing ordinance to change the zoning of the district in which plaintiff, Monterey Estates, Inc., owned development property from an R–20 to an R–40 zone, effective upon publication—thus doubling the minimum lot size to 40,000 square feet. Notice of the amended ordinance appeared in the September 25, 1986 morning edition of the Asbury Park Press. Plaintiff successfully contended below that the appearance of the notice the very next morning necessarily meant that publication had been arranged prior to the ordinance's enactment and, therefore, violated the statutory requirement that publication follow passage. The argument is a *non sequitur;* it flows from the faulty premise that publication is synonymous with arrangements for publication.

There is nothing in the legislation, its purpose or logic which supports the premise. The clear purpose of the statute is to inform the public of the governing body's action. The complained of publication did precisely this. It complied in every detail with the plain language of the statute. *See Service Armament Co. v. Hyland,* 70 *N.J.* 550, 556 (1976). The fact that the Township Clerk considered it administratively efficient to arrange for the publication beforehand does not alter the fact that publication followed the passage of the ordinance. As the trial court noted, there was no evidence of any impropriety in the governing body's action. He specifically noted a lack of proof of any secret meetings ensuring the passage of the proposed enactment. Public knowledge of the proposed language was totally proper; the Township Clerk's anticipatory arrangements did not require any secret or even private knowledge. Indeed, public knowledge prior to final passage is statutorily required. *See N.J.S.A.* 40:49–2a.

In view of our conclusion as to the publication, we need not consider the other issues raised by appellants.

Reversed.